Jasen, J.
(dissenting). I join in Chief Judge Cooke’s dissent, but, in doing so, I would add that the fundamental right of all ethnic and racial groups to be free of the adverse effects of intentional ethnic or racial discrimination and ridicule was intended by the Legislature to be protected in enacting subdivision 2 of section 296 of the Human Rights Law. Any individual of Polish heritage actually or likely to be present in the gift store could reasonably have regarded the words printed on the particular items displayed as a direct personal insult and designed to single out persons of Polish heritage for ridicule and discrimination.
The statutory grounds of objection to this kind of public display of discrimination and defamation are identical with *817 the objections in the past to common signs saying, “No Irish Need Apply”, “Whites Only”, and “Gentiles Only”.
It follows that unless one is willing to reject the proposition that certain racial and ethnic groups in this country have in fact suffered injuries in the past as a result of racial and ethnic defamation and ridicule that have been perpetuated in the public mind, one cannot reject the proposition that the State Legislature intended, in enacting subdivision 2 of section 296 of the Human Rights Law, to correct this injustice and ameliorate social tensions resulting from such discriminatory and defamatory actions. It is a statute specifically directed at a defined evil — discriminatory practice against a person because of his “race, creed, color, national origin or sex”. Such discriminatory acts directed at a specific ethnic group not only stigmatize them as a group, but also as individual members of such group being publicly exposed to such discrimination and ridicule. It is for this reason, I believe, that the Legislature, having knowledge of racial and ethnic discrimination in our State, decided to hold accountable those who intentionally publicly display objects with printed words which are discriminatory and defamatory against an identifiable racial or ethnic group. Although only those of Polish heritage are the most direct victims of the discrimination and ridicule displayed here, the general public also suffers harm when such discriminatory material is disseminated. Such actions, in my opinion, contribute to the creation and maintenance of prejudicial beliefs and discriminatory behavior throughout our society which in turn lead to structured social inequalities between people of different ethnic and racial groups.
Since the Legislature has commendably expressed a desire to protect persons of all ethnic groups and religious persuasions from the effects of the type of discrimination involved here, I would reverse the order of the Appellate Division and hold that the State Human Rights Appeal Board correctly found both jurisdiction and probable cause to proceed further pursuant to the Human Rights Law.
Order affirmed, etc.